## MT. MAUMEE PARTNERSHIP *v.* ROGER PEET
## (13741)

Dupont, C. J., and Landau and Hennessy, Js.

Argued September 28, 1995—decision released March 26, 1996

*Roger J. Frechette*, with whom was *Matthew E. Frechette*, for the appellant (plaintiff).

*Jeffrey B. Sienkiewicz*, for the appellee (defendant).

LANDAU, J. The plaintiff, Mt. Maumee Partnership, appeals from the judgment, rendered after a trial to the court, quieting and settling title to a parcel of real property in the defendant, Roger Peet. The dispositive issue[1] on appeal is whether the trial court properly

---

[1] The plaintiff also claims that the trial court improperly (1) found possession of the subject property to be in the defendant or his predecessors in interest, (2) failed to find valid paper title and possession in the plaintiff, (3) failed to find that the defendant's predecessor in interest, Clara Peet, was ousted of possession prior to the time she conveyed the subject property to the defendant, and (4) ruled that the defendant has a right to pass over the plaintiff's land to obtain access to Gorham Road.

Claims one through three are subsumed in the dispositive issue and the last claim was withdrawn at oral argument.

concluded that the plaintiff had failed to establish that its record title to the disputed property was superior to that of the defendant.

The trial court reasonably could have found the following facts. At issue is the ownership of a 70.21 acre parcel (parcel B) of woodland property located on Old Gorham Road in the town of Kent. On the opposite side of Old Gorham Road is a 546 acre parcel of woodland property (parcel A) owned by the plaintiff. The plaintiff took title to parcel A in December, 1986, "subject to such state of facts as an accurate survey and/or physical inspection of the premises may reveal." Shortly after the conveyance, the plaintiff, through its principal, William Davis, engaged Samuel P. Bertacinni, Jr., to conduct a title search of parcel A and to prepare a survey.

Bertacinni determined that parcel A is situated entirely on the north side of Old Gorham Road and that its acreage is consistent with that described in the deeds that conveyed parcel A to the plaintiff. Bertacinni further determined that parcel B, which the plaintiff erroneously believed was part of parcel A, is located entirely south of Old Gorham Road. Bertacinni's title search established that the plaintiff does not have record title to parcel B. Upon determining that the plaintiff did not own parcel B, Bertacinni did not attempt to determine the owner of record.

Bertacinni informed Davis that, because the plaintiff did not own parcel B, he would not show parcel B on the survey map of parcel A. Davis disagreed with Bertacinni and instructed him to include parcel B on the survey map. Bertacinni complied with Davis' request and labeled parcel B on the map as "Parcel B, possibly heirs of Frank Peet." Davis instructed Bertacinni that, if he did not know who had record title to parcel B, he should change the label regarding parcel B to read "owner unknown." Bertacinni complied.

Upon learning that the plaintiff was assembling and surveying properties in the area, the defendant also engaged a surveyor, William Wynott, to ascertain the exact location of parcel B. Wynott conducted a title search of parcel B and determined that title had been in the defendant's family since 1866. In 1950, Frank H. Peet, the defendant's grandfather, was the sole owner of parcel B. Frank H. Peet died in 1964, leaving a will in which he devised his entire estate to his widow, Clara Peet. On August 3, 1967, Clara Peet executed a quit claim deed to her daughter, Edna Peet, in which she conveyed a thirty acre parcel of property located north of Old Gorham Road. On February 19, 1987, Clara Peet conveyed parcel B to the defendant. Wynott agreed with the Bertacinni survey concerning the respective locations of parcels A and B in relation to Gorham Road.

On May 2, 1988, and January 25, 1989, the plaintiff's predecessors in interest in parcel A, Newman M. Marsilius, Jr., and the executrix of the estate of Norman K. Parcells, purported to convey an interest in parcel B to the plaintiff.

On appeal, the plaintiff asserts that its title to parcel B is superior to that of the defendant. The plaintiff argues that the trial court improperly determined that Clara Peet conveyed parcel B to the defendant in February, 1987, because in August, 1967, she conveyed, by quit claim deed, the same property to her daughter, Edna Peet.

"The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires consideration of all its relevant provisions in the light of the surrounding circumstances. . . . On appeal the scope of review of such a question is plenary and does not require the customary deference to the trial court's factual inferences." (Citation omitted; internal quotation marks omitted.) *McCullough* v. *Water-*

*front Park Assn., Inc.*, 32 Conn. App. 746, 750, 630 A.2d 1372, cert. denied, 227 Conn. 933, 632 A.2d 707 (1993).

Our review of the August 2, 1967 quit claim deed reveals that it contains three paragraphs that describe the property conveyed by Clara Peet. The first paragraph states: "All that certain Piece, Parcel or Tract of land in the Town of Kent . . . on the Northwesterly side of Gorham Road containing 30 acres." The second paragraph states that "[s]aid Tract is bounded as follows," and thereafter provides a detailed boundary summary of the parcel described in the first paragraph. Finally, the third paragraph, which begins: "Being the same premises as," goes on to describe a "Wood Lot in a Certificate of Devise from the Estate of Frank Starr Peet . . . dated January 21, 1947 . . . reference also being made to a Quit-Claim Deed from Annie B. Peet to Frank H. Peet, dated April 7, 1950 . . . being the third piece described in said deed."

From the use of the singular in the first paragraph, the trial court found that, as to that paragraph, "[i]t is clear that the intent of the grantor was not to convey two parcels of land." The court further found that there is an inconsistency in the deed because, although the grantor intended to convey only one parcel, two separate and distinct parcels of land are described. While the first two paragraphs describe the thirty acre parcel located to the north of Gorham Road, the third paragraph describes parcel B. The trial court, therefore, had to determine which one of the two properties, parcel B or the thirty acre piece, Clara Peet intended to convey.

When a deed contains multiple descriptions that appear to be inconsistent and irreconcilable, the rule is that the description containing less certainty must yield to that with greater certainty. *Barri* v. *Schwarz Bros. Co.*, 93 Conn. 501, 510, 107 A. 3 (1919). Here, the trial court determined that the description of the thirty

acre parcel has a much greater certainty than the description of parcel B. The first paragraph very clearly describes the thirty acre parcel as being north of Gorham Road and containing thirty acres, more or less. The second paragraph provides the exact boundary dimensions of the thirty acre piece by references to two fixed monuments and several known abutting landowners.

The third paragraph, however, which provides a description of parcel B, is materially less certain. It describes parcel B only by a general reference that it is the same property contained in a 1947 certificate of devise from the estate of Frank Starr Peet, and a 1950 quit claim deed from Annie B. Peet. An examination of both instruments reveals that they merely describe the parcel as a "Wood Lot near Spectacle Lake; exact boundaries unknown; estimated to contain forty or fifty acres." Although the trial court determined from other exhibits and testimony that the parcel near Spectacle Lake is parcel B, that finding does not add to the certainty of the description of parcel B in the 1967 deed itself.

We conclude that the trial court properly determined that Clara Peet, in the August, 1967 quit claim deed, conveyed only one parcel of land, the thirty acre parcel,[2] to Edna Peet. We further conclude that, because Clara Peet had not conveyed parcel B to Edna Peet in 1967,[3] the defendant received title to parcel B in the 1987 conveyance from Clara Peet. The defendant's record

[2] Because we are not concerned with the record title of the thirty acre parcel, it is irrelevant that the trial court determined that Clara Peet did not have record title to the thirty acre parcel at the time of the conveyance.

[3] The trial court found that even if parcel B had been conveyed to Edna Peet in 1967, that fact would not support the plaintiff's claim to superior title over the defendant. To establish title, the party claiming title must rely on the strength of his own title, and not on the weakness of the title of another. *Hurlburt* v. *Bussemey,* 101 Conn. 406, 410, 126 A. 273 (1924).

title to parcel B, therefore, is superior to that of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.