[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have filed exceptions (P. B. § 19-13) and an objection (P. B. § 19-14) to the report of the Attorney Trial Referee (hereinafter "ATR"). The plaintiffs challenge the exceptions as untimely in that they were not filed within ten days after the ATR's decision on the defendants' motion to correct. The defendants conceded such untimeliness during oral argument and the court so holds. The exceptions therefore are not before the court for adjudication.
This leaves the defendants' objection which attacks the report on the grounds (a) that the conclusions of fact were not properly reached on the basis of the subordinate facts found and (b) that the ATR erred in determining that extrinsic evidence of the intention of the parties should not be considered in determining the easement or interpretation of the deeds. The defendants have filed no separate memorandum of law in support of their objection but rely on the Trial Memorandum filed with the ATR under date of January 13, 1999.
The objection, so limited in its scope, permits the court to accept that portion of the ATR report which deals with counts 2 and 3 of the amended complaint and counts 2 and 3 of the CT Page 15684 defendants' counterclaims (negligent and intentional infliction of emotional distress).
The remainder of the ATR report must be reviewed in accordance with well established principles. Post Road Iron Worksv. Lexington Development Group, Inc. 54 Conn. App. 534, 540
(1999). First, it must be determined whether "there was ample evidence to support the ATR's factual findings, and second, the court must adjudicate whether the conclusions reached were in accordance applicable law. Thermoglaze, Inc. v. MorningsideGardens, Co., 23 Conn. App. 741, 746 (1991). Because there are no P. B. § 19-13 exceptions properly before the court the court is bound to accept the referee's factual findings. Ruhl v.Fairfield, 5 Conn. App. 104, 106 (1985). Consequently, the court's function is limited by P. B. § 19-14 to a determination of whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee". Bernard v. Gershman,18 Conn. App. 652, 656 (1989).
In this case the referee confined her construction of the terms of the easement to "only the express language of the deed". The "deed" referred to is actually two deeds. The first is the deed from Vittorio Livia to Matilda Guccione, Maria Stoltaro, Vincenzo Livia and Vittorio Livia dated March 8, 1994 and recorded in the Bridgeport Land Records in book 3247 at page 10 which conveyed lot #126 on a map entitled "Plan of Survey of a Portion of Property in Bridgeport, CT. prepared for Estate of Giorgia Livia" dated January 12, 1993, rev. November 19, 1993 (Exhibit 8). The easement language in question is as follows:
 Subject to an easement for ingress and egress in favor of lot #116 as shown on said map, which easement is seven (7)feet in width and one hundred (100 ft) in length. The purpose of said easement across the southerly portion of lot #126 is to afford access to the garage as located on #116.
The second is a deed from Matilda Guccione, Maria Stoltaro, Vincenzo Livia to themselves as grantees dated January 31, 1994 which conveyed the same lot #126 with exactly the same easement language (Exhibit 3).
In the deeds to lot #116, the dominant tenement, the property was conveyed "together with an easement for ingress and egress over and across a parcel of land seven (7) feet in width CT Page 15685 and one hundred feet (100) feet in length along the southerly portion lot No. 126, as shown said map", (Exhibit 8).
The ATR also attached persuasive significance to the fact that these deeds and the subsequent deed into the plaintiffs (Exhibit 6) conveyed lot #126 "together with the improvements thereon".
Based solely upon the language of the deeds without resort to extrinsic evidence the ATR concluded that "the legal effect of the deed's (sic) terms result in neither the plaintiffs or the defendants being able to use the one bay of the "shared garage to park a full size automobile". The "one bay" referred is the northern most seven feet of the structure. The ATR limited the defendants' use of the garage to the southerly thirteen feet of the structure while at the same time granting the defendants ingress and egress to the "entire width in front of the garage". Finally, the ATR prohibited the defendants from (a) driving across that portion of the deeded easement which consists of plaintiffs' lawn area and, and (b) parking "any car in front of that portion of the garage door located in the easement area".
"The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires consideration of all its relevant circumstances and all its provisions in light of the surrounding circumstances." Carbone v.Vigliotti, 222 Conn. 216, 222 (1992). Judicial review of the trier's conclusions at to intent is plenary, and does not require deference to the trier's factual findings. Stiefel v. Lindeman,23 Conn. 799, 806 (1994). Although review of a trier's conclusions as to intent is plenary, deference may be given to a trier's subsidiary findings of fact relating to the credibility of the creators of the easement as to their intent. Dean v.Riley, 31 Conn. App. 87, 93 (1993).
Because the trier here excluded extrinsic evidence of intent and relied solely upon her construction of the language of the deeds there are no subsidiary facts involved in the determination of intent of the creators of the easement.
While this court's review of the referee's construction of the easement language is plenary and requires no deferential treatment, the referee's determination of the scope and contours of the easement rights depends upon what constitutes reasonable use, which of course is a question of fact to be determined on a CT Page 15686 case by case basis, considering all of the relevant circumstances. Hagist v. Washburn, 16 Conn. 83, 86 (1988). Such circumstances include such factors as the amount of harm caused to be caused, its foreseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of land outweighs the gravity of the harm resulting. Peterson v. Oxford, 189 Conn. 740, 747 (1983). "The language used in the deed is not the only criteria in the analysis and it must be considered with reference to thesituation of the property and the surrounding circumstances in order to ascertain the intention of the parties". (Emphasis in original). Hagist v. Washburn, supra at 87.
Here, the referee has made it clear that she considered none of the circumstances surrounding the creation of the easement but relied solely on the language of the instrument creating the easement.
The breadth of this evidentiary inquiry should encompass the purpose and contours of the easement including (i) whether the easement gives the defendants the right to park a vehicle within the northerly seven feet of the garage interior; (ii) whether reasonable use of the easement by the defendants includes (a) the right to park a vehicle in front of that portion of the garage door as lies within the easement area, (b) the right of vehicular ingress and egress over and across the "lawn area" which lies within the easement. Hagist v. Washburn, supra.
Because the ATR improperly limited the scope of the inquiry as described above, the conclusions of fact in law were not legally and logically correct. Bernard v. Gersham, supra. Accordingly, pursuant to P. B. § 19-17 the court rejects the report of the referee and hereby refers the matter to another attorney trial referee for a new trial, except with respect to counts 2 and 3 of the amended complaint and counts 2 and 3 of the counterclaim. As to these, the report is accepted and judgment may enter for the defendants on counts 2 and 3 of the amended complaint and for the plaintiffs on counts 2 and 3 of the counterclaim.
THE COURT,
Mottolese, Judge CT Page 15687