[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are the owners of marinas located on Marsh Road in Noank. Defendant Avery's property lies between the two marinas owned by plaintiffs with plaintiff Spicer's Noank Inner Marina, LLC being north of Avery and plaintiff Spicer's Marinas, LLC being south of the Avery property. This action was initially a four count complaint in which Spicer's Noank Inner Marina, LLC was claiming title to a strip of land six inches wide along Avery's northern boundary in counts one and two, and Spicer's Marinas, LLC was claiming title to a strip of land two and one-half (2-1/2) feet wide along Avery's southern boundary in counts three (legal title) and four (adverse possession).
At the commencement of the trial, the action was withdrawn as to counts one and two and the plaintiffs stipulated that the northerly boundary of defendant Avery's property was correct. The trial proceeded on counts three and four pertaining to the disputed 2-1/2 foot strip of land along Avery's southerly boundary. At the conclusion of the testimony and the exhibits offered in support thereof, the court ruled that there was insufficient evidence to sustain plaintiff's claim of adverse possession and entered judgment for the defendant on count four. The only issue remaining is the determination of legal title to the strip of land 2-1/2 feet in width along Avery's southerly boundary, as alleged in count three of plaintiffs' complaint.
This action to quiet title is brought pursuant to Connecticut General Statutes § 47-31. In an action to quiet title, the plaintiff must prevail on the strength of his own title and not on the weakness of his adversary's claim. Mt. Maumee Partnership v. Peet, 40 Conn. App. 752
(1996); Velsmid v. Nelson, 175 Conn. 221, 229 (1978). In the instant matter, plaintiff and defendant each presented licensed Connecticut land surveyors as expert witnesses in their behalf.
As to the disputed 2-1/2 foot strip of land, plaintiff alleges in paragraph 3 of count three of the revised complaint that it has a fee CT Page 10991 interest in such land by virtue of warranty deeds from plaintiffs' predecessors in title. The only deed offered in evidence pertaining to plaintiffs' title was Plaintiff's Exhibit 1, which was a deed from William Spicer III to Spicer's Marinas, LLC. Spicer III is a principal officer of plaintiff Spicer's Marinas, LLC. The aforesaid deed contained descriptions of numerous parcels of land, but it shed no light on the disputed boundary line between plaintiff's and defendant's property. Plaintiff offered in evidence the deeds in defendant Avery's chain of title (Plaintiffs' Exhibits 25 through 30) and plaintiffs' expert testified that the deeds in defendant's chain of title indicated that the northerly and southerly boundary lines run parallel to each other and were no more than 60 feet apart. Defendant's expert testified that the language in the deeds was somewhat ambiguous in that the deeds from 1971 to the present did not contain language that required defendant's north and south boundaries to be parallel and also did not state a specific limit of 60 feet.
Plaintiff's expert also testified that he reviewed the 1989 and 1995 surveys performed by defendant's licensed surveyor and found inconsistencies between the two surveys, and as a result concluded that the disputed 2-1/2 feet of land belonged to the plaintiff. (See Plaintiffs' Exhibit 33). Again, plaintiff was attacking the weakness of defendant's legal title. No independent survey was performed by plaintiffs' expert in order to buttress the strength of its own legal title. Further, defendant's expert testified that there were some minor inconsistencies in his 1989 and 1995 surveys, but that a competent licensed surveyor utilizing the information from the aforesaid surveys would arrive at the same boundary lines that he established. CT Page 10992
In order to meet its burden in this quiet title action, plaintiff is required to prove by a fair preponderance of the credible evidence the strength of its own legal title. Plaintiff attacked alleged deficiencies in defendant's title to the disputed strip of land, but failed in its burden of tipping the scales in its favor regarding the legal title to the 2-1/2 feet of land at defendant's southerly boundary.
As a result of the court's conclusion quieting title in the defendant, it is not necessary for the court to consider defendant's special defenses of laches or acquiescence or defendant's claim of adverse possession.
Accordingly, judgment may enter quieting title to this disputed strip of land two and one-half feet wide in defendant Avery.
J.H. Goldberg, JTR CT Page 10993
CT Page 10993