## BILLER ASSOCIATES *v.* ROUTE 156 REALTY COMPANY
## (SC 16098)

Norcott, Katz, Vertefeuille, Callahan and West, Js.

Argued January 21—officially released March 21, 2000

*Kenneth J. Bartschi*, with whom were *Wesley W. Horton* and, on the brief, *Jon D. Biller*, for the appellant (plaintiff).

*Victor J. Dowling*, with whom were *Paige J. Everin* and *Victor J. Dowling, Jr.*, for the appellee (defendant).

*Opinion*

PER CURIAM. This is a certified appeal from the judgment of the Appellate Court reversing the judgment of the trial court in favor of the plaintiff and remanding the case with direction to render judgment for the defendant. We granted certification, limited to the following questions: (1) "Do General Statutes (Rev. to 1987) § 38-69, now § 38a-723, and § 38-72 (h)-6, now § 38a-788-6, of the Regulations of Connecticut State Agencies, under the circumstances of this case render invalid an employment contract between a licensed public adjuster and a property owner when the property owner was not named on the insurance policy?" and (2) "Did the Appellate Court improperly reverse the trial court's judgment that under the facts of this case the plaintiff should recover in quantum meruit?" *Biller Associates* v. *Route 156 Realty Co.*, 248 Conn. 916, 916–17, 734 A.2d 569 (1999).

The facts may be summarized as follows. The plaintiff, Biller Associates, is a licensed public adjusting firm. The defendant, Route 156 Realty Company, was the owner of a building located at 435 Shore Road in Old Lyme. On December 30, 1987, the defendant leased its building to Robert Gaines, who operated a restaurant on the premises. Paragraph five of the lease agreement required Gaines to obtain replacement fire and extended insurance coverage on the building at 435 Shore Road in an amount not less than $250,000. Using an independent insurance broker, Pequot Insurance Agency (Pequot), Gaines obtained insurance coverage for the premises in the amount of $425,000 from the Hermitage Insurance Company (Hermitage). Contrary to the terms of the lease agreement, however, the Hermitage insurance policy erroneously listed Gaines as the insured and the owner of the property. Before the policy could be reformed to reflect that the defendant was the insured and owner, the premises were destroyed by fire on July 1, 1988. *Biller Associates* v. *Route 156 Realty Co.*, 52 Conn. App. 18, 20, 725 A.2d 398 (1999).

On August 22, 1988, the plaintiff and the defendant signed a contract authorizing the plaintiff to adjust, on the defendant's behalf, the loss resulting from the July 1, 1988 fire at 435 Shore Road. Id., 20. The plaintiff admitted that when the parties entered into the contract, it was fully aware that the defendant was not a named insured under the Hermitage insurance policy. Id. The defendant claims that it signed the contract with the plaintiff with the expectation that the plaintiff would be able to reform the Hermitage insurance policy to have the defendant designated as the owner of the destroyed property and the named insured under the policy. Id. Any effort by the plaintiff in that regard proved unsuccessful.

Thereafter, the defendant initiated its own action against Pequot, Hermitage and Continental Insurance Agency (Continental), the Connecticut agent for Hermitage. The defendant sought, inter alia, to reform the Hermitage policy, claiming that the defendant was not named as an insured party under that policy owing to Pequot's negligence. Id., 20–21. The policy was not reformed, but the defendant eventually settled its action with Pequot, Hermitage and Continental. Id., 21.

After it settled the action, the defendant refused to pay the plaintiff a percentage of the settlement. Consequently, the plaintiff initiated the present action, claiming that, pursuant to the terms of its August 22, 1988 contract with the defendant, it was entitled to 10 percent of the defendant's recovery, however that recovery had been effected. In the alternative, the plaintiff claimed that it was entitled to recover under the doctrine of unjust enrichment. Id.

The trial court awarded the plaintiff $17,500, 10 percent of the net figure recovered by the defendant, after the court deducted certain expenses incurred in obtaining the settlement. The court stated that this amount represented the plaintiff's entitlement to 10 percent of " 'the amount of the loss when adjusted with the Insurance Companies or otherwise recovered' " as called for by the contract. Id., 21. The court determined that "otherwise recovered" in the contract included any amount received from an insurance company that was related to the fire loss, however recovered. Alternatively, the trial court concluded that the plaintiff would be entitled to recovery in quantum meruit even if it could not recover under the contract. Id., 21–22.

The Appellate Court reversed the judgment of the trial court. The Appellate Court concluded that the employment contract was unenforceable because General Statutes (Rev. to 1987) § 38-69 and the regulations

governing public adjusters limit a licensed public adjuster's employment to adjusting losses and damages arising under a fire insurance policy on behalf of an *insured* under the policy. Id., 22. Moreover, the court determined that it was a condition precedent to the enforceability of a licensed public adjuster's employment contract that the adjuster represent an insured party. Id., 28–29. The Appellate Court also concluded that to allow recovery in quantum meruit would undermine the purposes of the statute and regulations governing public adjusters; id., 31; and, under the circumstances, would violate the prohibition against the unauthorized practice of law. Id., 33.

Having examined the record on appeal, studied the briefs and heard the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court properly resolved the issues in this certified appeal. A further discussion by this court would serve no useful purpose. See, e.g., *Brennan* v. *Burger King Corp.*, 244 Conn. 204, 206, 707 A.2d 30 (1998); *Murphy* v. *Buonato*, 241 Conn. 319, 321–22, 696 A.2d 320 (1997).

The judgment of the Appellate Court is affirmed.