### DOROTHY WOOD *v.* LAILA AMER ET AL.
### (SC 16199)

Borden, Norcott, Katz, Sullivan and Vertefeuille, Js.

Argued May 25—officially released July 4, 2000

*Frederic S. Ury*, with whom, on the brief, was *Deborah M. Garskof*, for the appellant (named defendant).

*Stanley A. Twardy, Jr.*, with whom, on the brief, were *Deborah S. Gordon* and *Keith P. Carroll*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this certified appeal, the plaintiff, Dorothy Wood, appeals from the judgment of the Appel-

late Court reversing a judgment of the trial court. The trial court's judgment denied the plaintiff's request for a permanent injunction prohibiting the named defendant, Laila Amer, from building a home on a lot located across the street from the plaintiff's property in Greenwich. The plaintiff had sought enforcement of certain restrictions contained in the named defendant's chain of title. The trial court rendered judgment for the named defendant on the basis of the statute of limitations set forth in General Statutes § 52-575a.[1]

The Appellate Court reversed the trial court's judgment and remanded the case for consideration of the merits of the plaintiff's claim. *Wood* v. *Amer*, 54 Conn. App. 601, 609, 736 A.2d 162 (1999). We granted the named defendant's petition for certification to appeal, limited to the following two issues: "Did the Appellate Court properly conclude that: (1) the 'Brush deed' contained two separate restrictive covenants, and that, therefore, the grantor intended that only one house was to be located on either lot 10 or lot 11; and (2) the statute of limitations contained in General Statutes § 52-575a had not expired with respect to the plaintiff's claim of a violation of a covenant not to build?" *Wood* v. *Amer*, 251 Conn. 908, 739 A.2d 265 (1999). This appeal followed.

Having reviewed the briefs, the record and the arguments of the parties, we conclude that the judgment of

---

[1] General Statutes § 52-575a provides: "Action to enforce recorded private restrictions or notations on maps. No action or any other type of court proceeding shall be brought to enforce a private restriction recorded in the land records of the municipality in which the property is located or a notation on a filed map pertaining to the use of privately owned land, the type of structures that may be erected thereon or the location of same unless such action or proceeding shall be commenced within three years of the time that the person seeking to enforce such restriction had actual or constructive knowledge of such violation. This section shall be deemed not to apply to any private restriction or notation pertaining to (a) any public utility easement; (b) any right-of-way; (c) any park or open space land; (d) any private driveway, roadway or street, or (e) any sewer line or water line."

the Appellate Court should be affirmed. In its thorough and thoughtful opinion, the Appellate Court properly considered the issues on which we granted certification. See *Wood* v. *Amer*, supra, 54 Conn. App. 601.

The judgment of the Appellate Court is affirmed.