## PELAGIA KITMIRIDES ET AL. *v.* MIDDLESEX MUTUAL ASSURANCE COMPANY
### (AC 21113)

Dranginis, Flynn and Peters, Js.

Argued May 7—officially released September 25, 2001

*Brenden P. Leydon,* for the appellants (named plaintiff et al.).

*John W. Mills,* for the appellee (defendant).

PETERS, J. The issue in this case of first impression in Connecticut is the coverage afforded by an insurance policy that lists a person as a driver of a covered vehicle on the declarations page, but does not list that person as a named insured. The trial court found that the description of the named insured was unambiguous and determinative of the rights of the parties. Accordingly, the court ruled in favor of the insurer. The validity of that determination is the sole issue in this appeal. We affirm the judgment of the trial court.

The plaintiff Pelagia Kitmirides,[1] a pedestrian, was struck by an underinsured motorist. She brought an action to recover underinsured motorist benefits under an underinsured motorist provision contained in an automobile insurance policy issued to her father-in-law, Efstathios Kitmirides (father-in-law).[2] The court granted the motion for summary judgment filed by the defendant, Middlesex Mutual Assurance Company, on the ground that the plaintiff was not a named insured and therefore not entitled to underinsured motorist coverage under the policy.

In her appeal, the plaintiff contests the validity of the court's finding that the underinsured motorist coverage in the defendant's policy was unavailable to her. The

---

[1] The other original plaintiff in this action is Anna Panagiotides, the mother of Pelagia Kitmirides, who was also injured by the uninsured motorist. Anna Panagiotides was residing indefinitely with her daughter at the time of the accident. She claims that she is entitled to coverage because she was a resident relative of her daughter, a named insured. Because Anna Panagiotides' claim is contingent on whether Pelagia Kitmirides was a named insured, for the sake of convenience we refer in this opinion to Pelagia Kitmirides as the plaintiff. The other plaintiffs are Efstathios Kitmirides and Nikolaos Kitmirides, whose motion to intervene was granted by the court. Pelagia Kitmirides, Anna Panagiotides and Nikolaos Kitmirides filed the present appeal, but they raise no claim concerning Nikolaos Kitmirides.

[2] It is undisputed that the motorist's liability insurance coverage did not fully compensate the plaintiff for her injuries.

court ruled that the terms of the policy were unambigu-
ous despite the difference between the policy's declara-
tion page, which included the plaintiff as a listed driver,
and the policy's underinsured motorist provision, which
defined "Covered person" in a manner that excluded
the plaintiff.

The underlying facts are undisputed. The defendant
issued an automobile insurance policy to the plaintiff's
father-in-law in 1989. In 1994, he filed a policy change
request form with the defendant to add his son Nikolaos
Kitmirides and the plaintiff as additional drivers. On or
about February 8, 1996, the plaintiff and her mother,
Anna Panagiotides,[3] were struck and injured by an
underinsured[4] motorist (motorist) while they were
walking away from a vehicle owned by the father-in-
law.[5]

As of the date of the accident, the plaintiff and Niko-
laos were listed on the declarations page under the
heading, "DRIVER INFORMATION." The plaintiff
claims that this listing caused her to be a "Covered
person" under the underinsured motorist provision por-
tion of the policy.

Before addressing the merits of the plaintiff's appeal,
we must identify the governing standard of review. "We
begin our analysis with the general principles governing
the construction of insurance policies. An insurance
policy is to be interpreted by the same general rules
that govern the construction of any written contract

---

[3] See footnote 1.

[4] We refer to "underinsured" motorist coverage without intending a distinc-
tion between such coverage and "uninsured" motorist coverage.

[5] In *Harvey* v. *Travelers Indemnity Co.*, 188 Conn. 245, 449 A.2d 157
(1982), our Supreme Court concluded that "[a]n insured's status at the time
of the injury, whether passenger, pedestrian, or driver of an insured or
uninsured vehicle, is irrelevant to recovery" as an underinsured motorist.
Id., 250. The predicate to coverage is, nonetheless, that the person injured
is an insured under the relevant automobile policy.

and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . . The policy words must be accorded their natural and ordinary meaning. . . . Under well established rules of construction, any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous. . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous. . . . [C]onstruction of a contract of insurance presents a question of law for the court which this court reviews de novo." (Internal quotation marks omitted.) *Pacific Indemnity Ins. Co.* v. *Aetna Casualty & Surety Co.*, 240 Conn. 26, 29–30, 688 A.2d 319 (1997).

The dispositive issue that we must resolve is whether the policy issued by the defendant is ambiguous. Essentially, the plaintiff's argument is that, because she is listed on the declarations page under the heading, "DRIVER INFORMATION," and the term driver is not defined or explained anywhere in the policy, the policy as a whole is ambiguous. Under this reasoning, the policy's definition of those who are entitled to underinsured motorist coverage is also automatically ambiguous. The plaintiff argues that, because an ambiguity in an insurance policy should be construed in favor of the insured, she, as a listed driver, is entitled to the policy's coverage even though the policy does not list her as a covered person. We disagree.

The policy provides underinsured motorist coverage for a "Covered person." The policy defines "Covered person" as: "1. You or any *family member*;[6] 2. Any other

---

[6] Family member is defined in relevant part as "a person related to you by blood, marriage or adoption *who is a resident of your household. . . .*" (Emphasis added.)

person *occupying your covered auto*; or 3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above." (Emphasis in original.) The term "you" is defined in the definitions section as "[t]he 'Named Insured' shown in the Declarations . . . ."

The plaintiff's position is that the definition of "Named insured" was, in context, ambiguous. She relies on having been listed under the rubric "DRIVER INFORMATION" and the absence of any policy provision defining the rights of a listed driver. Such ambiguity, according to the plaintiff, requires a construction of the policy in her favor because a reasonable layperson would expect to be covered under the entire policy if his or her name were listed in the policy as a driver. Under that reasoning, the plaintiff is entitled to all the coverages under the policy, including coverage under the underinsured motorist portion of the policy.

The defendant argues, to the contrary, that the court properly concluded that there is no ambiguity in the language of the policy with respect to underinsured motorist coverage. It asserts that the listing of a person as an additional driver does not suffice to establish ambiguity about the coverage to which such a person is entitled. According to the defendant, reading the language of the policy as a whole demonstrates that the policy is clear and unambiguous. The defendant urges us, therefore, to affirm the judgment.

In Connecticut, it is well settled that, "[w]here the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than

from one party's subjective perception of the terms."
(Citation omitted; internal quotation marks omitted.)
*HLO Land Ownership Associates Ltd. Partnership* v.
*Hartford,* 248 Conn. 350, 357, 727 A.2d 1260 (1999). "As
with contracts generally, a provision in an insurance
policy is ambiguous when it is reasonably susceptible
to more than one reading." (Internal quotation marks
omitted.) *Metropolitan Life Ins. Co.* v. *Aetna Casualty & Surety Co.,* 255 Conn. 295, 305, 765 A.2d 891
(2001). There are no Connecticut precedents applying
these principles under the circumstances of this case.

After a searching review of the record, the parties'
briefs, the cases cited therein and the oral argument,
we are persuaded that, although the plaintiff's arguments are not implausible, the defendant's reading of
the policy is more convincing. The declarations page
in this case, even though it lists the plaintiff as an additional driver without defining the rights attaching to
that designation, does not, per se, create an ambiguity
in the policy's definition of a "Covered person" for
a particular coverage.[7] In our view, the policy is not
*reasonably* susceptible to more than one reading with
regard to a listed driver's right to underinsured motorist coverage.

For underinsured motorist coverage, the policy
clearly and unambiguously defines "you," the person
covered in the underinsured portion of the policy, as
the " 'Named insured' shown in the Declarations
. . . ." Because these terms are unambiguous, the coverage provisions as a whole are unambiguous.

---

[7] The plaintiff also argues that a listing of additional drivers would be
superfluous if the listed driver had no right to invoke all the coverages
under the policy. This argument overlooks the liability coverage that the
policy afforded to her father-in-law. That coverage presumably looks to the
listing as dispositive evidence that the covered vehicle was used with permission.

On the present record, the only person who fits the definition of the "Named Insured" is the plaintiff's father-in-law. He is the only person who is identified as the insured on the declarations page. That identification is not on the same page as the listing of named drivers. He alone requested the policy change that made her an additional driver.

Despite the policy's textual clarity in defining underinsured motorist coverage, the plaintiff maintains that case law in other jurisdictions should persuade us to find an ambiguity in the policy. She does not claim a right to recover if the policy is unambiguous. Concededly, there is no dispositive Connecticut law that governs the outcome of this case. In each of the cases cited by the plaintiff, as in our case, the person seeking coverage was listed as a driver on the declarations page, but was not otherwise a named insured.

The principal case for the plaintiff is *Lehrhoff* v. *Aetna Casualty & Surety Co.*, 271 N.J. Super. 340, 638 A.2d 889 (App. Div. 1994), in which the Appellate Division of the New Jersey Superior Court permitted the listed driver to recover in order to protect an insured's reasonable expectations of coverage. It concluded that a typical policyholder would "understand and expect from the declarations page of [the] policy that each of the listed drivers was entitled to all of the coverages and all of the protections afforded by the policy." Id., 348. Because of the court's reliance on the principle of protecting the reasonable expectations of an insured, the court did not undertake a close examination of the language of the policy. Id., 350; *Progressive Casualty Ins. Co.* v. *Hurley*, 166 N.J. 260, 277, 765 A.2d 195 (2001).

The three other cases cited by the plaintiff have adopted or followed the reasoning of *Lehrhoff*. In *Mallane* v. *Holyoke Mutual Ins. Co. in Salem*, 658 A.2d

18 (R.I. 1995), the Rhode Island Supreme Court found ambiguity in the policy there at issue because "the listing of drivers' names on the declarations page, without more, gives rise to an ambiguity in respect to whether such drivers are in fact covered under the terms of the policy." Id., 20. The court noted that the term "driver" was not defined anywhere in the policy. Id. In *Raines v. True*, 2000 WL 266682 (Ky. App. 2000), the Kentucky Court of Appeals, relying on *Lehrhoff*, found a policy provision to be ambiguous. It held the reasonable expectations doctrine to be applicable because the policy (1) contained no definition of driver, (2) did not explain why drivers were listed on the declarations page and (3) did not provide any explanation of the responsibilities of listed drivers. In *Roelle v. Coffman*, 1997 WL 722775 (Ohio. App. 1997),[8] the Ohio Court of Appeals likewise found ambiguity in a policy that did not define the term "named driver" and failed to assign coverage limits for such a driver in the body of the policy.

The defendant, noting that other out-of-state cases are to the contrary, argues that we should not follow the reasoning of *Lehrhoff* and its progeny. It reminds us that, under Connecticut law, unless a contract is found to be ambiguous, courts do not consider the reasonable expectations of a party to the contract. *Pacific Indemnity Ins. Co. v. Aetna Casualty & Surety Co.*, supra, 240 Conn. 29–30.

Further, the defendant observes that the policy espoused by *Lehrhoff* has not received universal approval. It cites a case in another jurisdiction that held that a policy's listing of a person as an additional driver on the policy does *not* create ambiguity with respect to the coverage afforded to a "listed driver." In *Nationwide Mutual Ins. Co. v. Williams*, 123 N.C. App. 103, 472

---

[8] This case involves liability coverage, not underinsured motorist coverage.

S.E.2d 220 (1996), the North Carolina Court of Appeals affirmed the trial court's denial of coverage because, in its view, such a listing did not create an ambiguity about the meaning of otherwise authoritative language describing who was a "named insured." Id., 106–107. In addition, in *Millspaugh* v. *Ross*, 645 N.E.2d 14 (Ind. App. 1994), the Indiana Court of Appeals concluded that the terms in a policy describing those entitled to underinsured motorist coverage were clear and unambiguous. The court held that the fact that the claimant was "listed as the principal driver . . . [did] not transform him into a person qualified for compensation under the uninsured motorist provision of the policy." Id., 16–17.[9]

In light of these considerations, we agree with the defendant's construction of the policy that it issued to the plaintiff's father-in-law. Specifically, we conclude that a person who is a listed driver on the declarations page of an automobile insurance policy, and who is nowhere else listed as an insured, is not entitled to underinsured motorist coverage. The policy's definition of who is an insured for such coverage is unambiguous. Under the circumstances of this case, the plaintiff cannot require the defendant to compensate her for the injuries that she received as a result of the tortious conduct of an underinsured motorist.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] In *United States Fidelity & Guaranty Co.* v. *Williams*, 375 So. 2d 328 (Fla. App. 1979), cert. denied, 386 So. 2d 642 (Fla. 1980), although the District Court of Appeal of Florida did not discuss the ambiguity issue, the facts of that case are similar to those of the present case. The court held that although the "appellee's decedent was noted on the policy as the sole operator of the insured vehicle, this did not make her a 'named insured' for purposes of uninsured motorist coverage under the terms of the policy . . . ." Id., 329.