## PELAGIA KITMIRIDES ET AL. *v.* MIDDLESEX MUTUAL ASSURANCE COMPANY
### (SC 16615)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued April 19—officially released May 21, 2002

*Brenden P. Leydon*, for the appellants (named plaintiff et al.).

*John W. Mills*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this certified appeal, the named plaintiff, Pelagia Kitmirides,[1] challenges the conclusion of the Appellate Court affirming the summary judgment of the trial court that she was not entitled to underinsured motorist coverage under the insurance policy issued by the defendant, Middlesex Mutual Assurance Company, to her father-in-law, Efstathios Kitmirides. *Kitmirides* v. *Middlesex Mutual Assurance Co.*, 65 Conn. App. 729, 730, 783 A.2d 1079 (2001). We affirm the judgment of the Appellate Court on the basis of its opinion.

The facts are undisputed. The plaintiff was a pedestrian who was injured by an underinsured motorist as she was walking away from a vehicle owned by her father-in-law. After exhausting the insurance coverage

---

[1] Other plaintiffs in this appeal are Anna Panagiotides and Nikolaos Kitmirides. The claim of Panagiotides is contingent upon the claim of Pelagia Kitmirides, and no claim is raised regarding Nikolaos Kitmirides. We refer, therefore, to Pelagia Kitmirides as the plaintiff.

of the tortfeasor, the plaintiff brought this claim under the insurance policy at issue here. The policy provided uninsured motorists coverage[2] only for a " '[c]overed person,' " which is defined as the named insured "or any family member." " 'Family [m]ember' " is defined as limited to a related person "who is a resident of [the named insured's] household." The plaintiff was not a resident of her father-in-law's household. Only the plaintiff's father-in-law was the named insured under the policy. The policy was issued to the plaintiff's father-in-law in 1989, and in 1994, he filed a policy change request form with the defendant to add his son, Nikolaos Kitmirides, and the plaintiff as additional drivers on the declaration page of the policy under the heading, "DRIVER INFORMATION."

The trial court rendered summary judgment for the defendant on the ground that, despite the listing of the plaintiff as an additional driver on the declaration page, the terms of the policy were unambiguous and precluded underinsured motorist coverage for the plaintiff. The Appellate Court affirmed that judgment. *Kitmirides* v. *Middlesex Mutual Assurance Co.*, supra, 65 Conn. App. 730. We granted certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the named plaintiff, listed as a driver of a covered vehicle on the declaration page of the automobile policy issued by the defendant, but not listed as a named insured, was not entitled to underinsured motorist coverage under the policy?" *Kitmirides* v. *Middlesex Mutual Assurance Co.*, 258 Conn. 939, 786 A.2d 425 (2001). This appeal followed.

After fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and compre-

[2] Included in the uninsured motorists coverage was coverage for underinsured motor vehicles.

hensive opinion of the Appellate Court properly resolved the issue in this certified appeal. A further discussion by this court would serve no useful purpose. See, e.g., *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001); *Wood* v. *Amer*, 253 Conn. 514, 515–16, 755 A.2d 175 (2000); *Biller Associates* v. *Route 156 Realty Co.*, 252 Conn. 400, 404, 746 A.2d 785 (2000).

The judgment of the Appellate Court is affirmed.