IN RE ALEXANDER C.*
(SC 16687)

Sullivan, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued December 3, 2002—officially released January 21, 2003

*William R. Kinloch,* with whom was *Valerie Alexander,* for the appellant (respondent father).

*Jane R. Rosenberg,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Eliot D. Prescott,* assistant attorney general, for the appellee (petitioner).

*Eric J. Palladino,* for the minor child.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Opinion*

PER CURIAM. The respondent father appeals from the judgment of the Appellate Court affirming the judgment of the trial court terminating his parental rights with respect to his minor child, Alexander C. (child), pursuant to General Statutes (Rev. to 1999) § 17a-112 (c) (3) (B) and (D),[1] now § 17a-112 (j) (3) (B) and (D). The respondent claims that the Appellate Court improperly affirmed the judgment of the trial court terminating his parental rights on the basis of its finding that no ongoing parent-child relationship existed because the respondent was incarcerated and had been ordered to have no contact with the child since before his birth. The respondent further claims that the termination of his parental rights under the circumstances of this case violates his constitutional right to due process. We affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following relevant facts. "In February, 1998, the commissioner of children and families (commissioner) was given custody of all five of [the child's] older siblings following allegations that the respondent sexually and

---

[1] General Statutes (Rev. to 1999) § 17a-112 (c) provides in relevant part that the court may grant a petition to terminate parental rights if it finds by clear and convincing evidence that, inter alia, "(3) . . . (B) the parent of a child who (1) has been found by the Superior Court to have been neglected or uncared for in a prior proceeding, or (2) is found to be neglected or uncared for and has been in the custody of the commissioner for at least fifteen months and such parent has been provided specific steps to take to facilitate the return of the child to the parent pursuant to section 46b-129 and has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child . . . [or] (D) there is no ongoing parent-child relationship, which means the relationship that ordinarily develops as a result of a parent having met on a day to day basis the physical, emotional, moral and educational needs of the child and to allow further time for the establishment or reestablishment of such parent-child relationship would be detrimental to the best interest of the child . . . ."

physically had abused [the child's] half-sister. The respondent was charged with sexual assault and risk of injury to a child in April, 1998, and was released from jail in June of that year on the condition that he have no contact with the victim or the other children. In December, 1998, after entering a plea of nolo contendere, the respondent was sentenced to twelve years imprisonment, execution suspended after forty-two months and two years probation, again with a protective order prohibiting any contact between the respondent and the children.

"Meanwhile, [the child] was born on August 31, 1998. The commissioner immediately filed a neglect petition and secured temporary custody of [the child]. Two days after his birth, he was placed in a foster home. He was adjudicated neglected in October, 1998, and on April 6, 2000, the commissioner filed a petition to terminate the parental rights of the respondent and [the child's] mother. The petition alleged abandonment, failure to achieve a sufficient degree of personal rehabilitation, acts of omission or commission that denied [the child] necessary care, guidance or control and no ongoing parent-child relationship. [The child] remains in foster care with the family that has cared for him since his birth, and the family wants to adopt him.

"The respondent has been incarcerated for most of [the child's] life and has never made any efforts to contact the department of children and families (department) regarding [the child's] well-being. He never made any effort to participate in counseling or rehabilitative programs. The court, therefore, terminated the respondent's rights on the grounds of a lack of an ongoing parent-child relationship and failure to achieve a sufficient degree of personal rehabilitation." *In re Alexander C.*, 67 Conn. App. 417, 419–20, 787 A.2d 608 (2001). The respondent appealed to the Appellate Court, which affirmed the judgment of the trial court. Id., 427. We

then granted the respondent's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the petitioner, the commissioner of children and families, had established the lack of an ongoing parent-child relationship so as to terminate the respondent's parental rights?" *In re Alexander C.*, 259 Conn. 927, 927–28, 793 A.2d 250 (2002).

"After fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court [that the petitioner had established by clear and convincing evidence that there was no ongoing parent-child relationship between the respondent and the child so as to warrant the termination of the respondent's parental rights] should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court properly resolved the issue in this certified appeal. A further discussion by this court would serve no useful purpose. See, e.g., *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001); *Wood* v. *Amer*, 253 Conn. 514, 515–16, 755 A.2d 175 (2000); *Biller Associates* v. *Route 156 Realty Co.*, 252 Conn. 400, 404, 746 A.2d 785 (2000)." *Kitmirides* v. *Middlesex Mutual Assurance Co.*, 260 Conn. 336, 338–39, 796 A.2d 1185 (2002).

With respect to the respondent's constitutional claim, we agree with the petitioner that the respondent inadequately has briefed this claim. Accordingly, we decline to review it. See *State* v. *Sullivan*, 244 Conn. 640, 650 n.14, 712 A.2d 919 (1998) ("we are not required to review issues that have been improperly presented to this court through an inadequate brief" [internal quotation marks omitted]).

The judgment of the Appellate Court is affirmed.