STATE OF CONNECTICUT *v.* SAMUEL DAVIS
(SC 16790)

Sullivan, C. J., and Norcott, Katz, Vertefeuille and Zarella, Js.

Argued February 18—officially released April 15, 2003

---

*Alice Osedach-Powers*, assistant public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Dennis O'Connor*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Samuel Davis, appeals, following our grant of certification, from the judgment of the Appellate Court affirming the judgment of the trial court convicting him of four crimes. The issue presented by this appeal is whether the Appellate Court properly concluded that General Statutes § 53-202k, which provides for a sentence enhancement of five years imprisonment when a qualifying felony is committed with a firearm,[1] imposes separate enhancements

---

[1] General Statutes § 53-202k provides: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3, except an assault weapon, as defined in section 53-202a, shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

of five years each where a defendant is convicted of multiple qualifying felonies arising from the same incident. We conclude that § 53-202k does provide for the enhancement of the sentence for each qualifying offense of which a defendant is convicted. Accordingly, we affirm the judgment of the Appellate Court.

"The jury reasonably could have found the following facts. In the early morning hours of August 17, 1997, the defendant was a passenger in a vehicle in Hartford with two other individuals. The three men decided to rob a drug dealer and the defendant drove one of the occupants to his car so that he could retrieve his gun. The three men drove around Hartford but could not find a drug dealer to rob . . . . Eventually, the defendant and one of the other men exited the car and came upon the victim, James Boland, who had just been dropped off in front of his house. Boland, a member of the neighborhood block watch program, was armed and proficient in the use of firearms. As the defendant and one of the other men approached Boland, a gunfight ensued in which Boland returned fire. Boland and the defendant both suffered gunshot wounds." *State* v. *Davis*, 69 Conn. App. 717, 719–20, 796 A.2d 596 (2002). Boland died as a result. Id., 720.

The defendant was convicted of felony murder in violation of General Statutes § 53a-54c,[2] attempt to commit robbery in the first degree in violation of General

---

[2] General Statutes § 53a-54c provides in relevant part: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, aggravated sexual assault in the first degree, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants . . . ."

Statutes §§ 53a-49 (a) (2)[3] and 53a-134 (a) (2),[4] conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a)[5] and 53a-134 (a) (2), and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a).[6] Id., 719. Thereafter, the defendant appealed to the Appellate Court, claiming, inter alia, that the trial court improperly had imposed three separate sentence enhancements under § 53-202k. Id. The Appellate Court affirmed the judgment of the trial court. The defendant petitioned for certification to appeal from the judgment of the Appellate Court to this court, and we granted the petition, limited to the following issue: "Did the Appellate Court properly conclude that the trial court properly enhanced the defendant's sentence for each qualifying felony?" *State* v. *Davis*, 261 Conn. 904, 802 A.2d 854 (2002).

After fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and compre-

---

[3] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[4] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

[5] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[6] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon one's person, except when such person is within the dwelling house or place of business of such person, without a permit to carry the same issued as provided in section 29-28. . . ."

hensive opinion of the Appellate Court properly resolved the issue in this certified appeal. A further discussion by this court would serve no useful purpose. See *Kitmirides* v. *Middlesex Mutual Assurance Co.*, 260 Conn. 336, 338–39, 796 A.2d 1185 (2002), citing *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001), *Wood* v. *Amer*, 253 Conn. 514, 515–16, 755 A.2d 175 (2000), and *Biller Associates* v. *Route 156 Realty Co.*, 252 Conn. 400, 404, 746 A.2d 785 (2000).

The judgment of the Appellate Court is affirmed.