GARY H. ALLIGOOD ET AL. *v.* ANTHONY
LASARACINA ET AL.
(AC 30407)

Gruendel, Robinson and Alvord, Js.

Argued December 9, 2009—officially released July 13, 2010

*Mark E. Block*, with whom, on the brief, was *Gary W. Huebner*, for the appellants (defendants).

*James Colin Mulholland*, for the appellees (plaintiffs).

*Opinion*

ALVORD, J. The defendants, Anthony LaSaracina and Shelene LaSaracina, appeal from the judgment of the trial court ordering them to remove a porch that the court found they had constructed in violation of a restrictive covenant contained in their deed of conveyance. The defendants claim that the court improperly determined that (1) the construction of the porch violated the restrictive covenant, (2) the restrictive covenant ran with the land and was enforceable by the plaintiffs, Gary H. Alligood and Holly J. Alligood, and (3) the doctrine of laches did not operate to bar the plaintiffs' enforcement of the restrictive covenant. We agree with the defendants' first claim and, accordingly, reverse the judgment of the trial court.

The facts underlying the defendants' appeal are set out more fully in the plaintiffs' companion appeal, *Alligood* v. *LaSaracina*, 122 Conn. App. 473, 999 A.2d 836 (2010), which was released on the same date as this opinion. The following additional facts are necessary for the resolution of this appeal. The defendants acquired their property at 29 Eden Park Drive in Salem by warranty deed recorded on July 17, 1995. The legal description of their property contains the language: "Said premises are conveyed subject to a restriction that shall prohibit the erection of a structure or dwelling on that portion of the conveyed premises northerly of

the northern face of the dwelling on said conveyed premises . . . ."[1] The legal description also indicates that the subject property is shown on a map dated November, 1950, with revisions to August, 1953, as on file in the office of the Salem town clerk. That map depicts the location of the dwellings on the properties of the plaintiffs and the defendants.

In late 1997 or early 1998, the defendants constructed both an addition to their house and a porch. The porch is attached to the addition. The parties' stipulated facts, presented to the court before the start of evidence, provided that the defendants "constructed an addition to the structure in place when they acquire[d] the land, which addition includes a porch approximately [eight feet] wide by [twenty-three feet] long." At trial, the plaintiffs claimed that the porch is situated northerly of the face of the dwelling as it existed when the defendants acquired their property and is, therefore, a structure that was erected in violation of the restrictive covenant in the defendants' deed.[2] The plaintiffs did not contend that the addition, which was constructed at or about the same time as the porch, violates that covenant.

At the conclusion of the evidence and following closing argument by counsel, the court rendered its judgment orally. With respect to the porch, the court "[found] that the defendants erected a porch, covered by a roof, on the northerly side or face of the dwelling and [had] violated the restrictive covenant." The court then "order[ed] the defendants to remove the porch,

[1] The restriction first appears in the defendants' chain of title in a warranty deed from Joan S. Berton to James E. Baxendale and Gail Baxendale recorded in the Salem land records on August 29, 1980. At that time, Berton retained a portion of her property that later was conveyed to the plaintiffs.

[2] Gary H. Alligood testified that the defendants' porch did not obstruct the plaintiffs' view of Gardner Lake and did not affect the use of the plaintiffs' property.

except that they may retain the concrete slab [that] is below the addition and need not be removed." This appeal followed.

"[T]he determination of the intent behind language in a deed, considered in the light of all the surrounding circumstances, presents a question of law on which our scope of review is . . . plenary. . . . Thus, when faced with a question regarding the construction of language in deeds, the reviewing court does not give the customary deference to the trial court's factual inferences." (Internal quotation marks omitted.) *Arnold* v. *Hoffer*, 94 Conn. App. 53, 57, 891 A.2d 63 (2006).

"The meaning and effect of the [restrictive covenant] are to be determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances . . . . The primary rule of interpretation of such [restrictive] covenants is to gather the intention of the parties from their words, by reading, not simply a single clause of the agreement but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met." (Internal quotation marks omitted.) *Wood* v. *Amer*, 54 Conn. App. 601, 605, 736 A.2d 162 (1999), aff'd, 253 Conn. 514, 755 A.2d 175 (2000). "A restrictive covenant must be narrowly construed and ought not to be extended by implication. . . . Moreover, if the covenant's language is ambiguous, it should be construed against rather than in favor of the covenant." (Citation omitted; internal quotation marks omitted.) *Morgenbesser* v. *Aquarion Water Co.*, 276 Conn. 825, 829, 888 A.2d 1078 (2006).

We conclude that the language of the restrictive covenant prohibiting the erection of a "structure or dwelling *on that portion of the conveyed premises* northerly of

the northern face of the dwelling on said conveyed premises" does not apply to the construction of a porch that is attached to an existing structure. (Emphasis added.) As drafted, the covenant prohibits construction of a *separate* structure or dwelling on the *property, i.e., the conveyed premises,* north of the face of the existing dwelling. The covenant does not prohibit an addition to the existing dwelling. If the intent had been to prohibit the expansion of the existing dwelling, the restrictive covenant would have been worded differently. To the extent that the language is ambiguous, we construe it against the application of the restriction to the present situation.[3] Because the resolution of this issue is dispositive of the appeal, we do not reach the defendants' remaining claims.

The judgment is reversed as to the finding that the defendants violated the restrictive covenant contained in the deed to their property and the case is remanded with direction to vacate the order that they remove the porch they erected and to render judgment in favor of the defendants.

In this opinion the other judges concurred.

---

[3] There was no testimony at trial with respect to the intent of the original grantor, Joan S. Berton, and the original grantees, James E. Baxendale and Gail Baxendale, when the restrictive covenant was first drafted and inserted in the deed of conveyance. We can determine from the map on file referenced in that deed that the properties of the parties abut one another and that the northerly side of the then existing dwelling on the defendants' property was a relatively short distance from the southerly boundary line of the plaintiffs' property.

It is reasonable to infer from the surrounding circumstances that the intent of the parties was to prohibit the erection of any additional structures or dwellings between the existing house on the defendants' property and the plaintiffs' southerly boundary line. From the map, and the photographs submitted at trial, it is apparent that the parties' houses are close to each other and that an additional building between them necessarily would have an impact on their privacy.