IN RE SUELAKA G.*
(AC 32100)

Bishop, Lavine and Foti, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued September 1—officially released October 5, 2010

*Kathryn Steadman*, for the appellant (respondent mother).

*Tammy Nguyen-O'Dowd*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

### Opinion

PER CURIAM. The respondent mother appeals from the judgment of the trial court terminating her parental rights with respect to her minor child, Suelaka.[1] The respondent claims that the court improperly found that she had failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of

---

[1] The court also terminated the parental rights of the child's father. Because he has not appealed, we refer in this opinion to the respondent mother as the respondent.

the child, she could assume a responsible position in the child's life. See General Statutes § 17a-112 (j) (3) (B). We affirm the judgment of the trial court.

Our standard of review on appeal from a judgment terminating parental rights is well settled. The trial court's findings must stand unless they are clearly erroneous. *In re Sole S.*, 119 Conn. App. 187, 191, 986 A.2d 351 (2010). "A finding is clearly erroneous when either there is no evidence in the record to support it, or the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) Id.

The respondent claims that the trial court improperly found by clear and convincing evidence that she had failed to achieve a sufficient degree of personal rehabilitation to assume a responsible position in the life of the child pursuant to § 17a-112 (j) (3) (B). She argues that in making its determination, the court did not consider her efforts toward personal rehabilitation made between the filing of the petition for termination of parental rights on January 16, 2009, and the trial on January 25 and 29, 2010. In its memorandum of decision, however, the trial court noted that the respondent had made some progress in her personal life during that interval but observed that she still lacked the skills and consistency to take responsibility for a toddler within a reasonable time.[2] "[I]n assessing rehabilitation, the critical issue is not whether the parent has improved her ability to manage her own life, but rather whether she has gained the ability to care for the particular needs of the child at issue." (Internal quotation marks omitted.) *In re Keyashia C.*, 120 Conn. App. 452, 457, 991 A.2d 1113, cert. denied, 297 Conn. 909, 995 A.2d 637 (2010).

---

[2] It is noteworthy that the respondent herself was committed to the custody of the petitioner, the commissioner of children and families, as a neglected child at the time of Suelaka's birth and never had custody of Suelaka.

We see no useful purpose in repeating the facts or reciting the applicable law, as the trial court thoroughly set forth the relevant facts and the applicable law in its thoughtful and well reasoned memorandum of decision. See *In re Alexander C.*, 262 Conn. 308, 311, 813 A.2d 87 (2003). Based on our careful review, we conclude that the record amply supports the factual determinations made by the court, and we conclude that the court correctly applied the law to the facts it properly found.

The judgment is affirmed.