******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AXELA NEW BRITAIN GROUP, LLC
*v.* LHPB REALTY, LLC
(AC 37723)

Lavine, Beach and Pellegrino, Js.

*Argued February 3—officially released May 24, 2016*

(Appeal from Superior Court, judicial district of New Britain, Young, J.)

*Richard P. Weinstein*, with whom, on the brief, was *Sarah Black Lingenheld*, for the appellant (defendant).

*Patrick W. Finn*, with whom, on the brief, was *Tara L. Shaw*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant, LHPB Realty, LLC, appeals from the judgment of the trial court declaring that a restrictive covenant in an agreement between the predecessors in interest of the defendant and the plaintiff, Axela New Britain Group, LLC, had expired. On appeal, the defendant claims that the court improperly interpreted the restrictive covenant in the agreement. We affirm the judgment of the trial court.

The following undisputed facts are relevant to this appeal. The defendant owns a parcel of land located at 693 Farmington Avenue in New Britain (Sussman parcel). This parcel previously was owned by Harold M. Sussman, Paul G. Sussman, and Bernard S. Sussman (Sussmans). The plaintiff owns an abutting parcel of land located at 643 Farmington Avenue in New Britain (Ronsam parcel). This parcel previously was owned by Ronsam Properties, Inc. (Ronsam). On February 1, 1972, the Sussmans and Ronsam entered into a cross easement and maintenance agreement (agreement), which provided for easements and certain restrictions on the two parcels. At the time, the Sussmans operated a food supermarket on their property and Ronsam leased its parcel to Caldor's of New Britain, Inc. (Caldor's), for the operation of a discount department store.[1] A food supermarket has been in continuous operation on the Sussman parcel since the execution of the agreement. Caldor's was operated continuously on the Ronsam parcel until it went out of business in March, 1999. Subsequently, Wal-Mart Real Estate Trust (Wal-Mart) leased the Ronsam parcel and operated a retail store on the parcel until August 31, 2009. Wal-Mart also went out of business, and the Ronsam parcel has been unoccupied and vacant since August, 2009.

The agreement entered into by the Sussmans and Ronsam contained a restrictive covenant that is at issue in this appeal. Paragraph 5 of the agreement states: "Ronsam covenants and agrees that so long as the food supermarket is being operated on the Sussman Parcel, Ronsam will not enter into any lease or permit occupancy for any portion of the building shown as 'Department Store' on the plan entitled 'Exhibit B', annexed hereto, (or any addition thereto or any substitution thereof in the event the 'Department Store' building is subsequently demolished), the purpose of which shall be for the sale or display of delicatessen, meat, fish, fruit, produce, groceries, canned goods, ice cream, or bakery goods intended for consumption off the premises except that candies, cookies, pastries, nuts and doughnuts may be sold for consumption off the premises. This restriction shall be strictly construed to apply only to the building shown as 'Department Store' on Exhibit B and no other building or property of Ronsam. This restriction shall not apply to the sale of food for consumption on the premises, and this restriction shall

continue for so long as the discount department store contemplated for construction on the Ronsam Parcel shall be occupied for such use, but in any event, shall be for a minimum of twenty (20) years from the date of this agreement. Ronsam acknowledges that this covenant herein is of vital importance to Sussmans, and in the event of any violation thereof, in addition to any other remedies available to them, Sussmans may apply for injunctive relief." The only other provision in the agreement that references a termination date is paragraph 21 of the agreement, which states: "This agreement, including but not limited to the easements and rights granted hereunder, shall terminate and be of no further force or effect fifty (50) years from the date hereof except for the restrictive covenants in Paragraph 5 aforesaid, which has a different termination date."

On April 23, 2014, the plaintiff filed an amended complaint seeking a declaratory judgment, pursuant to Practice Book § 17-54 et seq., that the restrictive covenant is extinguished and/or void ab initio, has no legal effect, and is unenforceable as to the plaintiff or any successors. The plaintiff filed a motion for summary judgment, which the court granted on January 29, 2015. In its memorandum of decision, the court held that the "plain and unambiguous language of paragraph 5 provides that the restriction therein shall continue for a minimum of twenty years from the date of the agreement, but that the restriction may expire after twenty years if the discount department store building referenced in the paragraph is no longer occupied for such use." (Emphasis omitted.) The court noted that the twenty year period expired as of February 1, 1992, and that the discount department store building was no longer occupied for such use because it had been unoccupied and vacant since 2009. Thus, the court held that there were no genuine issues of material fact, the restriction in paragraph 5 had expired, and the plaintiff was entitled to summary judgment as a matter of law. This appeal followed.

On appeal, the defendant claims that the court erred in its construction of the restrictive covenant and ignored the plain language of the covenant that provides that it remain in effect so long as a food supermarket is in operation on the Sussman parcel. According to the defendant, paragraph 5 sets forth two separate provisions, a main restriction to benefit the Sussman parcel and a carve out from such restriction to benefit the Ronsam parcel, with the main restriction remaining in effect so long as there is a food supermarket in operation on the Sussman parcel. There is currently a food supermarket in operation on the Sussman parcel and therefore, according to the defendant, the restrictive covenant remains in effect. We disagree with the defendant and hold that the trial court properly determined that the restrictive covenant expired as there is no dis-

pute that twenty years had passed and the building on the Ronsam parcel was no longer operated as a discount department store.

"This court's review of a grant of summary judgment is plenary." *Darin* v. *Cais*, 161 Conn. App. 475, 480, 129 A.3d 716 (2015). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Further, "[t]he interpretation of a contract presents a question of law subject to de novo review. . . . [O]n appeal [this court is not] bound by the trial court's interpretation of the contract provision at issue; rather, [this court has] an equal opportunity to consider the words of the contract within the four corners of the instrument itself." (Internal quotation marks omitted.) *Sonson* v. *United Services Automobile Assn.*, 152 Conn. App. 832, 838, 100 A.3d 1 (2014).

"The meaning and effect of the [restrictive covenant] are to be determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances. . . . The primary rule of interpretation of such [restrictive] covenants is to gather the intention of the parties from their words, by reading, not simply a single clause of the agreement but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met. . . . A restrictive covenant must be narrowly construed and ought not to be extended by implication. . . . Moreover, if the covenant's language is ambiguous, it should be construed against rather than in favor of the covenant." (Citation omitted; internal quotation marks omitted.) *Alligood* v. *LaSaracina*, 122 Conn. App. 479, 482, 999 A.2d 833 (2010).

We begin with the language itself. The covenant is four sentences long. The first sentence and the third sentence are of prime importance in this appeal.[2] The first sentence states that "Ronsam covenants and agrees that so long as the food supermarket is being operated on the Sussman Parcel, Ronsam will not enter into any lease or permit occupancy for any portion of the building shown as 'Department Store' . . . the purpose of which shall be for the sale or display of [food] intended for consumption off the premises . . . ." The third sentence states that "[t]his restriction shall not apply to the sale of food for consumption on the premises, and this restriction shall continue for so long as the discount department store contemplated for construction on the Ronsam Parcel shall be occupied for such use, but in any event, shall be for a minimum of twenty (20) years from the date of this agreement."

The defendant argues that the two provisions are "ostensibly inconsistent" but that they can be reconciled when the covenant is recognized as providing for two separate things—a main restriction and a carve out from such restriction—each with a different termination. According to the defendant, the first sentence provides for the restriction to benefit the Sussman parcel and lasts as long as a food supermarket is in operation on that property. Further, according to the defendant, the third sentence sets forth a carve out in the beginning of the sentence, and the second reference to "this restriction" in the third sentence refers to that carve out. We are not convinced.

The first sentence of the covenant sets out the restriction. "Ronsam covenants and agrees that so long as the food supermarket is being operated on the Sussman Parcel, Ronsam will not enter into any lease or permit occupancy [of the Department Store building], the purpose of which shall be for the sale or display of [food] intended for consumption off the premises . . . ." Thus, the first sentence sets forth a restriction on Ronsam's ability to sell food items intended for consumption off the premises. The second sentence begins with "[t]his restriction," referring to the restriction set forth in the first sentence. The first clause of the third sentence also begins with "[t]his restriction," also referring to the restriction set forth in the first sentence. The second clause of the third sentence, which is separated from the first clause with a comma, also begins with "this restriction." There is nothing to indicate that the use of the words "this restriction" in the second clause of the third sentence refers to anything other than the restriction set forth in the first sentence of the covenant. The term "this restriction" is used in two other places in the covenant to refer to the restriction in the first sentence, and the use of the phrase in the second clause of the third sentence is no different.

Thus, we must then look to the second clause of the third sentence, while keeping in mind that "this restriction" refers to Ronsam's restriction on the sale of food items intended for consumption off the premises. The second clause of the third sentence reads "this restriction shall continue for so long as the discount department store contemplated for construction on the Ronsam Parcel shall be occupied for such use, but in any event, shall be for a minimum of twenty (20) years from the date of this agreement." Therefore, the restriction was to continue for a minimum of twenty years, but may expire after twenty years, if the discount department store building referenced in the paragraph is no longer occupied as a discount department store.

It is undisputed that the parties entered into the agreement on February 1, 1972, and the twenty year period expired as of February 1, 1992. It is also undisputed that the building on the Ronsam parcel, which

previously was occupied by Caldor's and Wal-Mart, has been unoccupied and vacant since approximately August 31, 2009. Thus, the restriction has expired.

The defendant argues that interpreting "this restriction" in the second clause of the third sentence as referring back to the restriction set forth in the first sentence would give no effect to the language of the first sentence. Specifically, the first sentence states that Ronsam agrees to a restriction on the sale of food items intended for consumption off the premises "so long as the food supermarket is being operated on the Sussman Parcel . . . ." The defendant interprets this to mean that the restriction lasts so long as the food supermarket is in operation. We do not agree. "The individual clauses of a contract . . . cannot be construed by taking them out of context and giving them an interpretation apart from the contract of which they are a part." *Levine* v. *Advest, Inc.*, 244 Conn. 732, 753, 714 A.2d 649 (1998).

This first sentence of the covenant sets forth the restriction and notes that it is applicable only "so long as the food supermarket" is in operation on the Sussman parcel. The third sentence references the duration of the restriction. If the Sussman parcel no longer contains a food supermarket, then Ronsam, or the plaintiff as the current owner, is no longer under an obligation to abide by the restrictions set forth in the covenant. However, if the Sussman parcel continues to operate a food supermarket, then the expiration language in the third sentence becomes necessary. This construction is bolstered by the fact that paragraph 21 of the agreement, which includes the termination date for the agreement, specifically excludes paragraph 5 and states that the restrictive covenant in paragraph 5 has a "different termination date." Such termination date is found in the third sentence of the covenant.

On the basis of our review of the agreement and the trial court's memorandum of decision, we conclude that the trial court properly determined that there was no genuine issue of material fact that the restrictive covenant had expired. Accordingly, the court properly granted summary judgment for the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The department store building was not constructed until after the agreement was signed.

[2] The second sentence provides that the covenant applies only to a certain building on the plaintiff's property, and the fourth sentence provides that the restriction was of vital importance and could be enforced by injunctive relief and other remedies.